Davis, C. J.
This case is fully reported with opinion in 84 Ohio St., 346. A motion for rehearing was entertained because of an uncertainty, which seemed to exist to some extent, as to the scope of the syllabus in the former report: There is no ambiguity in the opinion; but since, by a rule of this court, the syllabus must be confined to the points of law arising from the facts of the case and which have been determined by the court, and since the syllabus is the expression of all the concurring judges, doubt seems to have arisen whether the syllabus and the opinion were in harmony.
Whether a physician or midwife might or might not be required by a proper statute to report a birth at which he or she had attended, was not a point considered or decided; because it was not disputed and was expressly conceded by the defendant in error, as expressly stated in the opinion. But, although this much was conceded to be true, it was argued, and so held by the court, that paragraphs or items numbered 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17 and 18, in Section 14 of “An act to establish a bureau of vital statistics and to provide for the prompt and permanent registration of all births and deaths occurring within the state of Ohio” (99 O. L., 296), were an unwarranted and unreasonable exercise of police power ; and that these items are so interlaced and interwoven into the texture of Sections 13, 14, 17 and 21, of said act, as to render each entire section unconstitutional and void, so far as they *315 relate to physicians and midwives, Section 13 making it the duty of the attending physician or midwife to file a certificate of birth giving all of the particulars required by the act, Section 14 for the same reason, Section 17 making it the duty of the state registrar to prepare blanks and issue detailed instructions to carry out the purposes of the act, and providing that no other blanks shall be used, and Section 21 making it a penal offense for neglect or refusal to file “a proper certificate,” the definition of a proper certificate being fixed by Sections 13, 14, and 17.
For the reason, therefore, that the objectionable items of Section 14 are expressly required by all of the sections mentioned above to be joined with those conceded to be sound, the court could not separate the former from the latter and declare part of the sections valid. The legislature may rectify its error by future enactment.
The judgment of the circuit court reversing the judgment of the court of common pleas is affirmed, on the ground that the demurrer to the indictment ought to have been sustained, and

Defendant discharged.

Shauck, Price, Johnson and Donahue, JJ., concur.